**PROVIDENCE HEALTH CENTERS, INC. and Plaintiff-Intervenor Patricia Warner**

v.

**F. David MATTHEWS, Individually and in his capacity as Secretary of Health, Education and Welfare, et al.**

**Civ. A. No. 76–0242.**

United States District Court, D. Rhode Island.

Feb. 8, 1979.

Walter R. Stone, Providence, R. I., for plaintiff Providence Health Centers, Inc.

Francis J. Maguire, Providence, R. I., for plaintiff-intervenor Patricia Warner.

Paul F. Murray, U. S. Atty., Everett C. Sammartino, Asst. U. S. Atty., Providence, R. I., for defendants F. David Matthews, et al.

## OPINION AND ORDER

FRANCIS J. BOYLE, District Judge.

Plaintiff Providence Health Centers, Inc., in its Amended Complaint of August 30, 1976, sought what it said was declaratory relief in the form of money damages for breach of contract, for property reverting to Defendants, and ten years forward funding for its health care operations. Defendants are the Secretary of Health, Education and Welfare, the Regional Director, and the State Coordinator. Plaintiff based federal jurisdiction upon 5 U.S.C. §§ 701–06, 28 U.S.C. § 1331, §§ 2201–02, 42 U.S.C. § 254c, and U.S.Const. art. VI, U.S.Const. Amend. V and XIV.

Plaintiff-intervenor Patricia Warner moved to intervene under Fed.R.Civ.P. 24(a)(3) [sic][1] and 24(b)(2), which motion was granted for lack of objection pursuant to Local Rule 12(a)(2) on January 25, 1978. Intervenor maintains that she has an interest in the present main action as a judgment-creditor of Plaintiff Providence Health Centers, Inc. in the sum of $725, and judgment creditor of two of its employees, Gail Prout and Chester George, for the sums of $725 and $5725 respectively, under a May 22, 1975 Decision of the Superior Court of the State of Rhode Island.

Two issues are pending. Plaintiff-intervenor on September 19, 1978, moved to add a new Defendant, Providence Ambulatory Health Care Foundation, Inc., successor to Providence Health Centers, Inc., under a Third-Party Complaint. Original Plaintiff and Defendants filed a Stipulation on October 25, 1978 to dismiss their action by agreement without prejudice.

The Court denies Plaintiff-intervenor's motion to add a new defendant through a third-party complaint. The Court will enter the Stipulation of Plaintiff and Defendants dismissing their action without prejudice.

Here Plaintiff-intervenor seeks to assume a portion of and to assert Plaintiff's claim against Defendant while, at the same time, Plaintiff no longer wishes to pursue those claims. A dismissal of this action does not prejudice Plaintiff-intervenor's claims against either Plaintiff, present Defendants, or would-be third-party defendants. "Intervention contemplates an existing lawsuit and cannot be permitted to breathe life into a non-existent suit." *Chavis v. Whitcomb,* 57 F.R.D. 32, 36 (D.C.1972).

No independent grounds of jurisdiction exist to continue Plaintiff-intervenor's action in this Court. Having turned in the first instance to the state court, Plaintiff-intervenor must look to that court for enforcement of her judgments. Absent the pending action, this Court would not consider Plaintiff-intervenor's claim, and therefore upon dismissal of the pending action it should not do so.

This action is dismissed without prejudice.

So ORDERED.

---

1. Plaintiff-intervenor apparently intended to cite Fed.R.Civ.P. 24(a)(2).